UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Victor Adiuku,** | § | |
| | § | |
| **Plaintiff,** | § | |
| VS. | § | **CIVIL ACTION NO. H-04-3130** |
| | § | |
| **CVS Pharmacy, Inc.,** | § | |
| | § | |
| **Defendant.** | § | |

### MEMORANDUM AND ORDER

Pending before the Court is Defendant CVS Pharmacy, Inc.'s ("CVS") motion for summary judgment on Plaintiff Victor Adiuku's claim of intentional infliction of emotional distress ("IIED"). After considering the parties' filings and the applicable law, the Court finds that CVS's motion, Docket No. 14, should be and hereby is **GRANTED** and Adiuku's IIED claim **DISMISSED WITH PREJUDICE**.

### I.   BACKGROUND[1]

Adiuku was hired by CVS as an assistant store manager in 2002. CVS requires assistant managers to complete three phases of certification, demonstrating proficiency in various aspects of store management. Accordingly, Adiuku was informed in early 2003 that he must complete all three phases of the certification as soon as possible. In late June 2003, CVS set a deadline of July 31, 2003 for Adiuku to complete the first two phases.

On July 14, 2003, Adiuku was injured at work. At that time, he had not yet completed any phase of the certification. He took three months' worker's compensation

---

[1] For the purposes of CVS's motion for summary judgment, the Court construes all contested factual issues in the light most favorable to Adiuku, the non-movant. *See, e.g., Minter v. Great Am. Ins. Co. of New York*, 423 F.3d 460, 465 (5th Cir. 2005).

leave to recover from the injury, and on October 11, 2003, he returned to work, as authorized by his physician, with no task restrictions. Soon thereafter, CVS informed Adiuku that he would be required to complete the first two phases of his certification by November 7, 2003. On November 25, 2003, when Adiuku still had not completed any phase of the certification, he was told that he would be demoted to the position of shift supervisor as of December 1, 2003. Adiuku was actually demoted on December 15, 2003. He then filed this lawsuit.

Adiuku alleges that his failure to complete the certifications was caused by the wrongful actions of CVS managers, who prevented him from progressing quickly through the phases. He claims that these managers helped other employees to move much more quickly than they permitted Adiuku to do. He therefore asserts that CVS is liable for IIED and for wrongful demotion. CVS now seeks summary judgment on the IIED claim.

## II.    ANALYSIS

### A.    Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted). A genuine issue of material fact

exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id*.

### B.     The IIED Claim

To prevail on an IIED claim under Texas law, a plaintiff must show that (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe. *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003). "Extreme and outrageous conduct is conduct 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. "Liability does not extend to mere insults, indignities, threats, annoyance, or petty oppressions." *Weller v. Citation Oil & Gas Corp.*, 84 F.3d 191, 195 (5th Cir. 1996) (internal quotation marks omitted).

Under Texas law, "extreme and outrageous" conduct is narrowly construed in the employment context. An IIED claim will not lie for mere "employment disputes," *Johnson v. Merrell Dow Pharms., Inc.*, 965 F.2d 31, 33 (5th Cir. 1992), and "[t]he range of behavior covered in 'employment disputes' is quite broad." *Id.* at 33-34. For example, the Fifth Circuit has declined to recognize an IIED claim by a plaintiff who, purportedly because of his age, was relieved of work duties, reassigned to a different job, and ostracized by his manager and coworkers. *See Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1145 (5th Cir. 1991). In another case, that court held that an employer's

actions in assigning an employee extra work, ordering "special" reviews to downgrade her performance, and frequently transferring her all fell within the realm of a mere "employment dispute."  *Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 304-07 (5th Cir. 1992).

Similarly, in this case, Adiuku alleges that his supervisors at CVS engaged in extreme and outrageous behavior by delaying his completion of the certification phases, conspiring to terminate his employment as an assistant store manager, and assigning him "hard jobs" despite his susceptibility to migraine headaches.  (*See* Pl.'s Resp. to Def.'s Mot. for Summ. J. at 2.)  Under Texas law, these allegations, even if true, do not support a finding that the CVS managers' behavior was extreme and outrageous within the meaning contemplated by an IIED claim.  CVS's motion for summary judgment on Adiuku's IIED claim is, therefore, **GRANTED**, and his IIED claim is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 15th day of November, 2005.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**