UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR ADIUKU, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-04-3130 |
| | § | |
| CVS PHARMACY, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant CVS Pharmacy, Inc.'s ("CVS") motion for a sixty-day extension of the June 26, 2006 trial date currently set in this case. CVS argues that it needs the additional time to prepare to defend against Plaintiff Victor Adiuku's newly asserted claims of wrongful demotion and wrongful termination. After considering the motion, the parties' oral arguments, and the applicable law, the Court finds that the motion, Docket No. 34, should be and hereby is **DENIED**.

This case arises from CVS's demotion of Mr. Adiuku, whose original Petition, filed in state court, sought his reinstatement to his former position, as well as damages for the intentional infliction of emotional distress ("IIED") and for lost wages. After CVS removed the case to this Court and moved for summary judgment on the IIED claim, Adiuku filed his First Amended Complaint, asserting claims of IIED and wrongful termination. Adiuku did not request leave of CVS or of the Court before filing the Amended Complaint. The Court subsequently granted summary judgment for CVS on the IIED claim.

CVS now requests an extension of time to permit it to conduct discovery regarding Adiuku's purported wrongful demotion and wrongful termination claims.

Although it concedes that Adiuku's Amended Complaint was imperfectly filed, CVS now seeks to resolve in this case all of the claims contained therein. Adiuku objects to the extension of time but agrees that all claims should be resolved here.

The Court disagrees with both parties. While CVS is correct in stating that Adiuku's Amended Complaint was not properly filed and that Adiuku was, at the time of the attempted amendment, represented by counsel, the Court is mindful of the fact that Adiuku has proceeded *pro se* more recently and is presumably unfamiliar with the technical requirements of the Federal Rules of Civil Procedure. Moreover, the Amended Complaint has now been on file for more than eight months, during which time CVS neither moved to strike it from the docket nor even mentioned its existence. Similarly, CVS has not, until now, argued that Adiuku failed properly to plead, in his original Petition, his wrongful demotion claim, which this Court has always presumed was properly before it.[1] The Court finds, therefore, that both parties had notice of and ample time to conduct discovery concerning that claim and that a further delay in bringing it to trial is unwarranted.

Conversely, while the wrongful termination claim is clearly asserted in the First Amended Complaint, neither party has, until now, conducted any discovery concerning it, filed any dispositive motions discussing it, or even mentioned its existence to the Court. Moreover, the claim does not arise from the same nucleus of operative facts as do the IIED and wrongful demotion claims; in fact, Adiuku's employment with CVS did not

---

[1] The Court is somewhat perplexed by CVS's insistence that the only claim initially asserted in this case was an IIED claim. Plaintiff's original Petition clearly discusses wrongful demotion and, indeed, seeks both lost wages and reinstatement as well as IIED damages. To the extent that CVS's argument is based upon an alleged waiver of the claim by Adiuku's former counsel during a hearing before Judge Ewing Werlein, Jr., the Court finds that no evidence has been introduced to prove that such a statement was made and, in any event, that CVS has improperly delayed its challenge to the claim in this Court.

end until well after this suit was filed. Accordingly, the Court finds that amendment of Plaintiff's original Petition to include the claim is inappropriate.

The Court therefore **REFORMS** Adiuku's First Amended Complaint to exclude the wrongful termination claim and state the wrongful demotion claim, and retroactively **GRANTS** Adiuku leave to file the reformed First Amended Complaint on the Court's docket. Trial in this matter will commence at 8:30 a.m. on Wednesday, June 28, 2006, in Courtroom 8C, and will be limited to the wrongful demotion claim.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 19th day of June, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**